UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CATHERINE V.[1]

          Plaintiff,

    Case No. 3:18-cv-00322-JO

v.

    ORDER

COMMISSIONER,
Social Security Administration,

          Defendant.

JONES, Judge:

    Catherine V. (Plaintiff) sought judicial review of the final decision by the Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits under Title II of the Social Security Act (the Act). After this court reversed and remanded for an award of benefits, Plaintiff recovered $223,432 in past due benefits, including about $74,000 in benefits for Plaintiff's two children. Pl.'s Mot. for Fees 4, ECF No. 25.

    Plaintiff now seeks attorney's fees of $49,858 under 42 U.S.C. § 406(b). The government does not oppose Plaintiff's requested fees.

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

Page 1 - ORDER

I grant Plaintiff's motion for attorney's fees. Plaintiff's attorney must refund to Plaintiff $7,625.50, which is the amount of fees previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412. ECF No. 24.

## DISCUSSION

### I. Background

The fee agreement here sets a contingency fee of 25% of past-due benefits awarded to Plaintiff. Pl.'s Mot. for Fees, Attach. 1. Such contingency fee agreements are commonly used by attorneys representing Social Security claimants. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002). Plaintiff's requested fees are about 22% of the past due benefits, below the 25% limit set by Congress in § 406(b).

Plaintiff's counsel billed a total of 37.7 hours on this litigation. Pl.'s Mot. for Fees, Attach. 4. Plaintiff requests $49,858 in attorney's fees.

### II. Legal Standards

Section 406(b)(1)(A) provides,

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

Attorneys representing Social Security claimants in court may seek compensation from their clients only through § 406(b).

"[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 793, 808). In determining

reasonableness, the court looks to "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The court may examine the quality of the attorney's work, any delay caused by the attorney, and the proportionality of the benefits recovered to the time spent on the litigation (i.e., whether the amount of fees would be a windfall). *Crawford*, 586 F.3d at 1151-53. The district court has discretion in setting an award of attorney's fees under § 406(b). *Crawford*, 586 F.3d at 1147.

## III. Discussion

Here, the quality of counsel's work was good, resulting in a reversal for an award of benefits. The past-due benefits recovered for Plaintiff and her children were substantial. Counsel did not cause any significant delay.

As to proportionality, I find that the requested award, which is below the 25% ceiling for fees, would not be a windfall to counsel. Counsel's representation was competent and efficient. The Supreme Court has emphasized "the primacy of lawful attorney-client fee agreements" when the court determines a reasonable fee under § 406(b). *Gisbrecht*, 535 U.S. at 793. In focusing on the parties' fee agreement, the Court "flatly rejected" the lodestar method for calculating fees under § 406(b), under which "the district court determines a reasonable fee by multiplying the reasonable hourly rate by the number of hours reasonably expended on the case." *Crawford*, 586 F.3d at 1148 (citing *Gisbrecht*, 535 U.S. at 808-09). As the Ninth Circuit explained, "[l]odestar fees will generally be much less than contingent fees because the lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients." *Crawford*, 586 F.3d at 1150. This includes "the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." *Id.* at 1152.

Here, the effective hourly rate under the lodestar method would be more than $1,300. Given the risk of an unfavorable result, the efficiency of counsel's work in summarizing more than 1600 pages of administrative record, and the amount of recovery achieved, I find the requested award of fees to be reasonable. *See Crawford*, 586 F.3d at 1153 (Clifton, J., dissenting in part) (noting that the Ninth Circuit found effective hourly rates of $875 and $902 to be reasonable as of 2009); *see also Marshall v. Saul*, No. 16-cv-00666-BAS-PCL, 2020 WL 2849484, at *3 (S.D. Cal. June 1, 2020) (awarding fees under § 406(b) that were equivalent to more than $1500 per hour, and noting other similar awards).

## CONCLUSION

Pursuant to 42 U.S.C. § 406(b), Plaintiff's motion for attorney's fees, ECF No. 25, is GRANTED in the amount of $49,858.00. Plaintiff's attorney must refund to Plaintiff the previously awarded EAJA attorney's fees of $7,625.50.

DATED July 2nd, 2020.

Robert E. Jones
United States District Judge